UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NARCISO MARTINEZ, et al.,

    Plaintiffs,

v.                                                                               CASE NO. 8:17-cv-1671-T-23AEP

DAVID J. SHULKIN, *Secretary of*
*Veterans Affairs*,

    Defendant.
_____/

## **ORDER**

Narciso Martinez, Keith Litchfield, Andrew Washko, Romona Hefner, and Kevin Baker sue (Doc. 1) for intentional infliction of emotional distress; for retaliatory hostile work environment;[1] and for negligent hiring, retention, and supervision. Noreen Litchfield, Kalina Washko, and Evelyn Martinez[2] sue for loss of consortium.[3] The defendant moves (Doc. 19) to dismiss the complaint under Rules 12(b)(1) and (6), Federal Rules of Civil Procedure.

---

[1] "This court has yet to recognize a retaliatory hostile work environment claim. But every other circuit does. . . . We now join our sister circuits and recognize the cause of action. Doing so is consistent with the statutory text, congressional intent, and the EEOC's own interpretation of the statute." *Gowski v. Peake*, 682 F.3d 1299, 1311–1312 (11th Cir. 2012).

[2] Narciso Martinez is married to Evelyn Martinez, Keith Litchfield is married to Noreen Litchfield, and Andrew Washko is married to Kalina Washko.

[3] The claims in Counts I, III, and IV are the plaintiffs' tort claims.

Narciso Martinez, Keith Litchfield, Andrew Washko, Hefner, and Baker allege that a Bay Pines VA Healthcare System ("Bay Pines") supervisor, Darlene Powell, among other things, created a hostile work environment by "harass[ing], belittl[ing], and intimidat[ing]" them because they complained about the presence of Legionella bacteria in the water supply "in and around" Bay Pines' hemodialysis unit.[4] (Doc. 1 at 3–6)

**Sovereign immunity bars the claims in Counts I, III, and IV.**

The plaintiffs bring their tort claims under the Federal Tort Claims Act ("FTCA"). Under 28 U.S.C. § 2679(b)(1), a claim against the United States is the exclusive remedy for the negligent or wrongful act or admission of a government employee. *See Simpson v. Holder*, 184 Fed. Appx. 904, 908 (11th Cir. 2006) ("The United States is the only proper defendant in an FTCA action."). The government has not waived sovereign immunity for a tort claim against the Secretary of Veterans Affairs. Counts I, III, and IV are dismissed.

**The plaintiffs failed to exhaust administrative remedies for their tort claims.**

Under 28 U.S.C. § 2675(a), "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death . . . unless the claimant shall have first presented the claim to

---

[4] The plaintiffs allege (1) that Narcisco Martinez "worked for the" Department of Veterans Affairs ("VA") and "has been fired" by Powell; (2) that the VA employed Keith Litchfield," but he "was forced to retire early at a reduced pension after Powell . . . fired him"; (3) that Andrew Washko is "employed by the VA" and "occasionally worked at Bay Pines"; (4) that Hefner is employed by the VA; and (5) that Baker "was a safety and occupational health specialist assigned to the Bay Pines Facility" who "sought and received [a] transfer to another unit away" from Powell's supervision "due to" Powell's harassing him. (Doc. 1 at 4–5)

the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." Because this requirement is jurisdictional, the failure to exhaust administrative remedies results in dismissal. *Suarez v. U.S.*, 22 F.3d 1064, 1065 (11th Cir. 1994). The plaintiffs fail to allege adequately that they have complied with the requirements of Section 2675(a).

**The discretionary function exception to the FTCA bars the plaintiffs' claims for negligent hiring, retention, and supervision.**

The discretionary function exception to the FTCA bars a claim predicated on an act or omission involving "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The discretionary function exception covers government conduct if the conduct involves "judgment" or "choice" and the "judgment" or "choice" is "grounded in considerations of public policy." *U.S. v. Gaubert*, 499 U.S. 315, 322 (1990). *Gaubert* establishes a two-part discretionary function exception test. First, the challenged conduct must "violate[] a mandatory regulation or policy that allow[s] no judgment or choice." *Autery v. U.S.*, 992 F.2d 1523, 1526 (11th Cir. 1993). Second, that judgment or choice must implicate public policy — the decision is "grounded in social, economic, and political policy." *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988).

The defendant notes that instead of alleging that the purportedly negligent person "violated a mandatory regulation or policy that allowed no judgment or

- 3 -

choice," the plaintiffs allege that the defendants negligently hired, retained, and supervised Powell. (Doc. 19 at 9) Negligence is irrelevant in determining whether a decision falls within the discretionary function exception. *Autery*, 992 F.2d at 1528.

"[C]ourts have recognized that decisions regarding the exercise of supervisory authority are of the sort the discretionary function exception was designed to encompass." *Andrews v U.S.*, 121 F.3d 1430, 1441 (11th Cir. 1997). *See Burkhart v. Washington Metro Area Transit Auth.*, 112 F.3d 1207, 1217 (D.C. Cir 1997) ("hiring, training, and supervision choices . . . are choices 'susceptible to policy judgment'"); *Tonelli v. U.S.*, 60 F.3d 492, 496 (8th Cir. 1995). Because the plaintiffs challenge the defendant's purportedly negligent hiring, supervision, and retention of Powell, the discretionary function exception function applies. Count III is dismissed with prejudice.

**Federal Employees' Compensation Act ("FECA").**

"FECA is [a] federal employee's exclusive remedy against the government for on-the-job injuries." *Noble v U.S.*, 216 F.3d 1229, 1234 (11th Cir. 2000). *See* 5 U.S.C. § 8116(c). "An injured employee may not bring an action against the United States under [the] FTCA when there is a substantial question as to whether or not the injury occurred in the performance of the employee's duty." *Noble*, 216 F.3d at 1235.

The Secretary of Labor is "authorized to administer and decide all questions arising under FECA." 5 U.S.C. §§ 8145, 8149. The Secretary of Labor has delegated

responsibility for the FECA's administration to the Office of Workers' Compensation Programs ("OWCP").  *Woodruff v. U.S. Dept. of Labor, Office of Workers Compensation Program*, 954 F.2d 634, 637 (11th Cir. 1992).  If the OWCP determines that an injury is "work-related," the injured person is limited to a remedy authorized by the statute "even if a particular type of damage or consequence the claimant suffered is not compensable" under the FECA.  *Noble*, 216 F.3d at 1235.

If a question exists as to whether the FECA provides the exclusive remedy for the alleged injury, the district court must stay the action pending a determination by the OWCP.  *Noble*, 216 F.3d at 1235.  If the OWCP finds no FECA coverage, the plaintiff may proceed under the FTCA; if the OWCP determines that the alleged injury falls within the FECA's coverage, a "federal court[] generally lack[s] jurisdiction to review the [OWCP's] decision to award or deny compensation for the injury."  *Noble*, 216 F.3d at 1235.

The plaintiffs' tort claims raise a "substantial question" whether the FECA provides the exclusive remedy because the OWCP typically adjudicates a tort claim before a person commences an FTCA action.  *See Tippetts v U.S.*, 308 F.3d 1091 (10th Cir. 2002); *Saltsman v U.S.*, 104 F.3d 787 (6th Cir. 1997); *McDaniel V U.S.*, 970 F.2d 194 (6th Cir. 1992).

Also, the plaintiffs argue (Doc. 24 at 5–7) that the FECA applies solely to a physical injury.  *See* 5 U.S.C. § 8102(a).  Several circuits support the plaintiffs' argument that the FECA applies only to a physical injury.  *See Sheehan v. United*

*States*, 896 F.2d 1168, 1174 (9th Cir. 1990) ("FECA compensates government employees only for physical harm."); *DeFord v. Sec'y of Labor*, 700 F.2d 281, 290 (6th Cir. 1983) (suggesting that the FECA does not cover mental distress for intentional discrimination). But "precedent dictates" that a claim for emotional distress and for loss of consortium "presents a substantial question of FECA coverage." *Tippetts v. U.S.*, 308 F.3d 1091, 1094 (10th Cir. 2002). The plaintiffs must file an FECA claim with the OWCP, and Counts I and IV are stayed pending a ruling from the OWCP.

**Count II is dismissed because the plaintiffs fail to allege exhaustion of administrative remedies and fail to state a claim.**

A federal employee must exhaust administrative remedies before suing under Title VII. *Crawford v Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999). The employee must initiate contact with an Equal Employment Opportunity ("EEO") counselor no later than forty-five days after the alleged discriminatory action. 29 C.F.R. § 1614.105(a)(1). The plaintiffs allege that the plaintiffs contacted "VA EEO authorities" on an unknown date about unknown issues. (Doc. 1, ¶ 12) The plaintiffs fail to allege (1) that they contacted an EEO counselor within the required time and (2) that they informed an EEO counselor about the purported retaliation.

To state a claim for "retaliatory hostile work environment," a plaintiff must allege that he engaged in statutorily protected activity; that the plaintiff suffered a materially adverse employment action; that a causal link exists between the protected activity and the adverse action; and that "the workplace [was] permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive

to alter the conditions of the victim's employment and create an abusive working environment." *Gowski*, 682 F.3d at 1311–1312. The plaintiffs fail to allege facts sufficient to state a claim (specifically that Powell based her harassment on a protected activity). Also, the plaintiffs allege facts to support a "whistleblower" theory. But Title VII fails to protect whistleblower activity. *See Alvarez v Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010).

## CONCLUSION

The defendant's motion to dismiss (Doc. 19) is **GRANTED**. Counts I and IV are **DISMISSED** because sovereign immunity bars the plaintiffs from suing the Secretary of Veterans Affairs and because the plaintiffs have failed to exhaust administrative remedies. The plaintiffs must obtain a decision from the OWCP determining whether the FECA provides an exclusive remedy for the claims asserted in Counts I and IV. If the OWCP finds no FECA coverage of the alleged injury, the plaintiffs may proceed under the FTCA. If the OWCP determines otherwise, an order shall dismiss Counts I and IV with prejudice. No later than seven days after the OWCP's determination the plaintiffs must file a notice announcing the OWCP's decision. If the OWCP determines that the claims fall outside the FECA's coverage, a separate order will direct the plaintiffs to amend the complaint to state a claim for intentional infliction of emotional distress and for loss of consortium.

Count II is **DISMISSED** for failing to exhaust administrative remedies and for failing to state a claim. No later than **MARCH 16, 2018**, the plaintiffs may amend

the complaint to state a claim for retaliatory hostile work environment.  Also, each plaintiff must plead specifically whether he or she exhausted his or her administrative remedies.  Count III is **DISMISSED WITH PREJUDICE**.

ORDERED in Tampa, Florida, on March 1, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE