UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NARCISCO MARTINEZ, et al.,

    Plaintiffs,

v.                                                                   CASE NO. 8:17-cv-1671-T-23AEP

UNITED STATES OF AMERICA,

    Defendant.

_____/

## **ORDER**

A March 1, 2018 order (Doc. 28) dismisses the claims for intentional infliction of emotional distress and for loss of consortium;[1] dismisses the claims for retaliatory hostile work environment; and dismisses with prejudice the claims for negligent hiring, retention, and supervision. In a two count amended complaint (Doc. 30), Keith Litchfield, Andrew Washko, Narcisco Martinez, Romona Hefner, and Kevin Baker sue for retaliatory hostile work environment and Noreen Litchfield, Kalina Washko, and Evelyn Martinez sue for loss of consortium. The defendant moves (Doc. 32) to dismiss the amended complaint.

---

[1] The claims for intentional infliction of emotional distress and for loss of consortium are dismissed pending a determination from the Office of Workers' Compensation Programs ("OWCP") whether the Federal Employees' Compensation Act provides an exclusive remedy.

**Retaliatory hostile work environment**

The March 1 order directs the plaintiffs to amend the complaint to state a claim for retaliatory hostile work environment and directs each plaintiff to plead whether he or she exhausted his or her administrative remedies. The plaintiffs argue that because Count I of the amended complaint "sounds in tort," the administrative remedy provisions of Title VII are inapplicable.[2] (Doc. 33 at 2)

First, the plaintiffs appear to assert claims under the Whistleblower Protection Act ("WPA").[3] But "under no circumstances does the WPA grant the district court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002); *Hendrix v. Snow*, 170 Fed. Appx. 68, 78–79 (11th Cir. 2006). A plaintiff suing under the WPA must submit a claim to the Merit System Protection Board ("MSPB").[4]

Second, the plaintiffs cannot sue under the Federal Tort Claims Act ("FTCA") for retaliatory hostile work environment. Under 28 U.S.C. § 1346(b)(1), a claim under the FTCA is governed by the "the law of the place where the act or omission occurred." Florida common law fails to recognize the tort of hostile work

---

[2] The plaintiffs originally sued (Doc. 1) under Title VII.

[3] The amended complaint contains no mention of the Whistleblower Protection Act—the plaintiffs first mention the WPA in their objection to the motion to dismiss: "Whistleblowing is a statutorily protected act—Whistleblower Protection Act and amendment. Indeed, this Court has already concluded that the original complaint alleges facts to support a whistleblower theory." (Doc. 33 at 2)

[4] "The decision of the MSPB then is appealable to the Federal Circuit. 5 U.S.C. § 7703." *Hendrix*, 170 Fed. Appx. at 79.

environment (and retaliatory hostile work environment). *See Sutherland v. Boehringer-Ingelheim Pharms., Inc.*, No. 8:14-cv-2741-T-17TBM, 2016 U.S. Dist. LEXIS 36094, *43 (M.D. Fla. Mar. 21, 2016) ("Under Florida law[] . . . the tort[] of hostile work environment . . . '[is] not [a] common law cause[] of action.'"). The plaintiffs fail to cite any contrary authority.

**Loss of consortium**

Without citing any authority, the plaintiffs argue that the loss of consortium claim "was not, in fact, dismissed by the Court inasmuch as the spouses are not covered by federal workers compensation." (Doc. 33 at 2) But the March 1 order is clear: "'precedent dictates' that a claim for emotional distress and for loss of consortium 'presents a substantial question of FECA coverage.'" (Doc. 28 at 6) For the reasons (Doc. 28 at 4–6) stated in the March 1 order, Count II is dismissed.

## CONCLUSION

The motion (Doc. 32) to dismiss is **GRANTED**. Count I is **DISMISSED WITH PREJUDICE**. Count II is **DISMISSED** pending a decision from the OWCP determining whether the FECA provides an exclusive remedy for the claims for intentional infliction of emotional distress and for loss of consortium. This action is **STAYED**,[5] and the clerk is directed to administratively **CLOSE** the case. No later than seven days after the OWCP's determination the plaintiffs must file a notice

---

[5] If a question exists as to whether the FECA provides the exclusive remedy for the alleged injury, the district court must stay the action pending a determination by the OWCP. *Noble v. U.S.*, 216 F.3d 1229, 1235 (11th Cir. 2000).

announcing the OWCP's decision.  If the OWCP determines that the claims fall outside FECA's coverage, a separate order will direct the plaintiffs to amend the complaint to state a claim for intentional infliction of emotional distress and for loss of consortium.

ORDERED in Tampa, Florida, on August 7, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE